[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] LECLAIR MEMORANDUM OF DECISION
This is a civil action whereby the plaintiff, by complaint dated December 16, 1997, seeks to recover on a promissory note executed by the defendant on October 31, 1991 in the amount of $19,000. A trial of the issues was held on November 28 and December 4, 2000 when the parties appeared through counsel and offered testimony and introduced documentary evidence. A review of the basis for the note is in order.
The parties were married on May 2, 1981. By complaint dated September 6, 1991 the defendant sought to have her marriage to the plaintiff dissolved. Service upon the plaintiff was by abode service and the plaintiff thereafter filed a pro se appearance. While the dissolution matter was pending the subject note was executed by the defendant. Neither party listed the note on their respective financial affidavits filed with the court. On February 19, 1992 the court (Berger, J.) heard the matter as an uncontested dissolution and made the following finding:
 "AND that the Defendant-Husband, who failed to appear at the uncontested dissolution hearing, had timely and proper notice of said hearing but declined to appear . . ."
There was no mention in the judgment concerning the note. Of relevance to this action is the order of the court awarding the defendant the marital residence with a finding that she owned it prior to her marriage. CT Page 5741-dj
Counsel for the parties filed post trial briefs.
The court, having reviewed the testimony of the parties and their witnesses as well as the exhibits and post trial briefs makes the following finding of facts.
The credible evidence supports the claims of the plaintiff with respect to proving the allegations of his complaint. The defendant raised four special defenses which were denied by the plaintiff.
The first special defense raises the issue of concealment of the note from the dissolution court and its enforceability would be contrary to public policy. There was no evidence to support this claim. In the dissolution action the plaintiff was pro se. At the request of his wife's attorney he provided a financial affidavit with the court dated October 14, 1991 which did not disclose the note because it was not even in existence until October 19, 1991. It was the defendant who failed to disclose the note when she went to court on February 19, 1992 when judgment entered.
The second special defense raises the issue of duress. The defendant claims that during the course of the marriage there was physical abuse, arrests of the plaintiff and alcoholism. The court finds that both parties contributed to the rocky marital environment but this court will not retry the dissolution. The note was signed by the defendant in a public place and during the meeting between the parties the defendant actually left to obtain $9,000 in cash to give to the plaintiff for partial payment of his interest in the marital residence. The court finds that the defendant has failed to meet her burden of proof on this defense.
The third special defense raises the issue of consideration. The court rejects this defense. Although the marital residence was in the defendant's name alone the plaintiff had an equitable interest in the same. According to the defendant's financial affidavit filed by her at the time of judgment of dissolution the equity in the marital residence amounted to $218,525. On October 31, 1991 the plaintiff gave the defendant a general release including releasing any claim he had pertaining to the marital residence. Based upon the evidence the court finds that at the time the note was executed the plaintiff had an equitable claim against the marital property which he relinquished in exchange for the $9,000 cash payment and the $19,000 promissory note. There was adequate consideration. CT Page 5741-dk
The defendant's fourth special defense asserted by the defendant alleges the plaintiff has unclean hands because of his conduct during the marital relationship. The court rejects this argument. It was the defendant who has unclean hands for failing to disclose the note to the dissolution court and that the plaintiff had an interest in the marital residence.
The court awards the plaintiff the sum of $19,000 together with statutory interest from December 6, 1995, the date demand was made upon the defendant for payment.
Judgment may enter accordingly.
BY THE COURT
JOHN R. CARUSO